10-622-ag
Pan v. Holder

BIA
Hom, IJ
A088 377 874

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of March, two thousand eleven.

PRESENT:
      ROSEMARY S. POOLER,
      RICHARD C. WESLEY,
      PETER W. HALL,
          *Circuit Judges.*

_____

QIAO YUN PAN,
     *Petitioner,*

    v.                     10-622-ag
                                    NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     James Costo, Law Office of James Costo, Brooklyn, New York.

FOR RESPONDENT:     Loretta E. Lynch, United States Attorney; Varuni Nelson, Scott Dunn, Margaret M. Kolbe, Assistant United States Attorneys; Dione M. Enea, Special Assistant United States Attorney, Of Counsel; Eastern District of New York, Brooklyn, New York.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Qiao Yun Pan, a native and citizen of the People's Republic of China, seeks review of a January 26, 2010, order of the BIA affirming the April 22, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, pretermitting her application for asylum and denying her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qiao Yun Pan,* No. A088 377 874 (B.I.A. Jan. 26, 2010), *aff'g* No. A088 377 874 (Immig. Ct. N.Y. City Apr. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.    Asylum**

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).  While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Pan has challenged only the agency's factual determination that she failed to demonstrate extraordinary circumstances. Accordingly, we dismiss Pan's petition for review to the extent it challenges the agency's pretermission of her asylum application*.  See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-331 (2d Cir. 2006).

**II.  Withholding of Removal and CAT Relief**

The agency reasonably determined that Pan did not suffer past persecution based on her membership in an underground Roman Catholic church in China given that the only harm she suffered was loss of her job and instruction to register with an authorized church.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (stating that the harm must rise above "mere harassment");

3

*accord Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002); *Matter of T-Z-*, 24 I.&.N. Dec. 163, 172-73 (BIA 2007) (economic harm must be "severe," such that it would "constitute a threat to an individual's life or freedom"). The record also supports the BIA's determination that Pan failed to demonstrate an objective fear of future persecution, as the evidence showed that although China has engaged in discrimination and abuse against Christians, Pan failed to establish that the restrictions were severe enough to constitute a likelihood a persecution. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Substantial evidence also supports the agency's determination that Pan failed to establish a clear probability of future persecution based on the birth of her two children. We have previously reviewed the BIA's consideration of the State Department reports and family planning regulations submitted in this case and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008) ("[U]nattributed 'reports' of forced sterilization that lack[] any specificity as to number or circumstance . . . d[o] not, by themselves, persuasively

4

demonstrate a reasonable possibility that [an applicant] would face such persecution.").

Because Pan was unable to establish the objective likelihood of persecution needed to make out a withholding of removal claim based on either her religion or the births of her two children, she was necessarily unable to establish a likelihood of torture. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006). To the extent Pan asserts that she will be tortured as a "returning illegal emigrant," she has pointed to no specific evidence that similarly situated individuals are tortured when returned to China. *But see Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (holding that the relevant inquiry is whether someone in the applicant's particular circumstances would be persecuted upon return to China because of an illegal departure).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

5

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk